IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH LACOUR LYNCH**                                                                       **PLAINTIFF**
**ADC #133499**

V.                            No. 4:22-cv-00446-KGB-ERE

**TASHA GRIFFIN,** *et al*.                                                                     **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I**.      **Procedure for Filing Objections:**

This Recommended Disposition has been sent to United States District Judge Kristine G. Baker. Any party may file objections if they disagree with the findings or conclusions set out in the Recommendation. Filed objections must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If parties do not file objections, they risk waiving the right to appeal questions of fact. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.**    **Background:**

Plaintiff Kenneth Lacour Lynch, an inmate at the Tucker Maximum Unit of the Arkansas Division of Correction ("ADC"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. Mr. Lynch alleges that Chief of Security Tasha Griffin

1

failed to protect him from an inmate attack on October 25, 2021.[1] *Doc. 2*. Mr. Lynch seeks both monetary and injunctive relief.

Pending before the Court is Defendants' motion for judgment on the pleadings. *Doc. 19*. Defendants seek to dismiss Mr. Lynch's claims against Defendant Griffin arguing that she is entitled to both sovereign and qualified immunity. Mr. Lynch has not responded to the motion, and the time for doing so has passed. *Doc. 21*. For the reasons stated below, the Court recommends that Defendants' motion be GRANTED.

**II.     Discussion:**

    **A.     Standard**

When deciding a motion for judgment on the pleadings, the "court must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006). A court may grant a motion for judgment on the pleadings "only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Id*.

---

[1] Mr. Lynch originally also sued Deputy Warden Antwon Emsweller and Warden Chris Budnick. On July 26, 2022, the Court recommended that Mr. Lynch's claims against Defendants Emsweller and Budnick be dismissed based on his failure to state a plausible constitutional claim for relief. *Doc. 17*. That Recommendation remains pending.

The standard for ruling on a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is the same as a motion to dismiss under 12(b)(6).[2] Accordingly, to go forward, Mr. Lynch's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

### B.  Sovereign Immunity

Mr. Lynch's claim for money damages from Defendant Griffin in her official capacity is barred by sovereign immunity. A civil litigant cannot recover money damages from state actors sued in their official capacities. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

### C.  Failure to Protect

Mr. Lynch's complaint alleges facts, which taken as true, fail to state a claim for relief.  Mr. Lynch alleges that, on October 25, 2021, he notified Defendant Griffin that he "did not feel comfortable in Barracks 3A" after having a verbal altercation with inmate Joshua Strickland. *Doc. 2 at 7*. Mr. Lynch requested that he be moved to another barracks "closer to security" in order to "keep [his] parole and class." *Id.* Mr. Strickland was moved the next day, but Mr. Lynch remained in Barracks 3A.

---

[2] Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." See *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014) (holding that a 12(c) motion for judgment on the pleadings is reviewed the same as a 12(b)(6) motion to dismiss).

*Id.* at 5. Mr. Lynch asserts that a different inmate, Kirk Childers, "attacked [him] without notice" the same day he had a confrontation with Mr. Strickland. *Id.* However, he does not allege that Defendant Griffin had any knowledge, before or after the incident, of Mr. Lynch's issues with Mr. Childers.

A correctional official "violates the Eighth Amendment if he is deliberately indifferent to the need to protect an inmate from a substantial risk of serious harm from other inmates." *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). "A failure-to-protect claim has an objective component, whether there was a substantial risk of harm to the inmate, and a subjective component, whether the prison official was deliberately indifferent to that risk." *Curry v. Crist*, 226 F.3d 974, 977 (8th Cir. 2000). To be liable, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Mr. Lynch complaint says that Mr. Childers: (1) attacked him by surprise; and (2) was not listed on Mr. Lynch's his enemy alert list. *Doc. 2 at 5, 7*. Although Mr. Lynch complained that he and Mr. Strickland had gotten into a verbal alteration, Mr. Lynch fails to allege that Defendant Griffin had reason to know that his continued incarceration with *Mr. Childers* posed a substantial risk of serious harm before the attack occurred.[3] Nor does Mr. Lynch allege that Defendant Griffin drew any such

---

[3] Mr. Lynch that "on 10-11-21, [he] told Lt. Adkins that [he] was having problems in the

4

inference or disregarded any such risk before the attack began. No one, not even Mr. Lynch, expected this attack to occur. Accordingly, Mr. Lynch has failed to state a plausible constitutional claim for relief against Defendant Griffin. This failure bars both his claims for injunctive and monetary relief.[4]

### III. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for judgment on the pleadings (*Doc. 19*) be GRANTED.

2. Mr. Lynch's claims against Defendant Griffin should be DISMISSED, without prejudice.

3. The Clerk be instructed to close this case.

Dated this 1st day of November, 2022.

	_____
	UNITED STATES MAGISTRATE JUDGE

---

barracks. She, in turn, sent [him] to Cpt. Davis [who] tried to get [him] out of [the] barracks, but even she was ignored." *Doc*. 2 at 7. Defendant Griffin is not mentioned. The next sentence refers to Defendant Griffin, but it references her knowing about a specific person being a problem, not the entire barracks.

[4] Defendant Griffin also is entitled to qualified immunity on Mr. Lynch's claims against her for money damages in her individual capacity. The Eighth Circuit has continually recognized that prison officials are entitled to qualified immunity when an inmate is attacked by surprise. See *Schoelch v. Mitchell*, 625 F.3d 1041, 1047-49 (8th Cir. 2010); *Tucker v. Evans*, 276 F.3d 999, 1001 (8th Cir. 2002); *Prosser v. Ross*, 70 F.3d 1005, 1007 (8th Cir. 1995); and *Smith v. Marcantonio*, 910 F.2d 500, 502 (8th Cir. 1990). "[B]ecause prisons are dangerous places, 'housing the most aggressive among us and placing violent people in close quarters,' . . . 'prison officials are entitled to qualified immunity from claims arising out of a surprise attack by one inmate on another.'" *Jackson v. Everett*, 140 F.3d 1149, 1152 (8th Cir. 1998) (internal citations omitted).