IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH LACOUR LYNCH**  PLAINTIFF
ADC #133499

v.  Case No. 4:22-cv-00446-KGB

**TASHA GRIFFIN,** *et al.*  DEFENDANTS

## ORDER

Before the Court is the Recommended Disposition submitted by United States Magistrate Judge Edie R. Ervin (Dkt. No. 22). Plaintiff Kenneth Lacour Lynch has filed objections to the Recommended Disposition (Dkt. No. 25). After careful consideration of the Recommended Disposition, the objections, and a *de novo* review of the record, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's finding in all respects (Dkt. No. 22).[1]

The Court writes separately to address Mr. Lynch's objections (Dkt. No. 25). In his objections, Mr. Lynch objects generally to the Recommended Disposition because discovery was not complete (*Id*., at 1). Discovery is not appropriate at this time because, as set forth in Judge Ervin's Recommended Disposition, defendant Tasha Griffin is entitled to judgment on the pleadings (Dkt. No. 22).

Mr. Lynch asserts that the portion of Judge Ervin's Recommended Disposition related to official capacity claims, where Judge Ervin recommends dismissal of Mr. Lynch's official capacity

---

[1] Judge Ervin's Recommended Disposition refers to a pending Partial Recommended Disposition dismissing claims against defendants Antwon Emsweller and Chris Budnik (Dkt. No. 22, at 2, n.1). The Court adopted the Partial Recommended Disposition in an Order dated February 1, 2023 (Dkt. No. 26). Accordingly, Warden Emsweller and Warden Budnik are no longer parties in this action.

claims for money damages against Chief Griffin, is not applicable here (Dkt. No. 25, at 2). Mr. Lynch's objection is not well taken. In his complaint, Mr. Lynch sues Chief Griffin in both her official and personal capacities (Dkt. No. 2). Accordingly, Judge Ervin's analysis is relevant and applicable here.

In his objections, Mr. Lynch recounts that, after a verbal altercation with Joshua Strickland, he asked Chief Griffin to be moved to a different barracks (Dkt. No. 25, at 3). Mr. Lynch objects that instead of moving him to a different barracks in response to his request, Chief Griffin moved Mr. Strickland (*Id.*). Mr. Lynch contends that "[i]n the prison environment," this made him "subject to attacks like the one that occurred here" by a different inmate, Clint Childers, and that Chief Griffin "would have known this." (*Id.*). Unfortunately for Mr. Lynch, the facts that he asserts are insufficient to find that Chief Griffin violated the Eighth Amendment. As Judge Ervin explains in her Recommended Disposition, to be liable under the Eighth Amendment the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference (Dkt. No. 22, at 4 (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Despite Mr. Lynch's vague assertion about the prison environment, Chief Griffin had no information from which she could draw an inference that Mr. Lynch's continued incarceration with Mr. Childers posed a substantial risk of harm to Mr. Lynch before the attack occurred. As Mr. Lynch acknowledges in his objections it was a "surprise attack." (Dkt. No. 25, at 3).

Accordingly, after careful consideration, the Court concludes that the Recommended Disposition should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects (Dkt. No. 22). The Court grants Chief Griffin's motion for judgment on the pleadings (Dkt. No. 19). Based on this Order and all other Orders in the case, the Court dismisses

without prejudice Mr. Lynch's claims (Dkt. No. 2). The Court denies as moot Mr. Lynch's proposal for motion of discovery and update on pending suit (Dkt. No. 28). The Clerk is instructed to close the case. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this the 21st day of September, 2023.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge